```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
SEA TRADE COMPANY LTD., TRADEWINDS   :
ENTERPRISE (JERSEY) LTD., ROBINSON   :
FLETAMENTOS, S.A., AGENCIA           :
MARITIMA ROBINSON, S.A.C.F.I.,       :   03 Civ. 10254(JFK)
NANI SHIPPING CORP. LTD., and        :   MEMORANDUM OPINION
ADROGUE CHICO, S.A.,                 :        AND ORDER
                                     :
              Plaintiffs,            :
                                     :
          – against –                :
                                     :
FLEETBOSTON FINANCIAL CORP.,         :
                                     :
              Defendant.             :
------------------------------------X
```

**JOHN F. KEENAN**, **United States District Judge**:

Defendant FleetBoston Financial Corp. ("FleetBoston") moves for leave to amend its answer to assert a counterclaim against Plaintiff Nani Shipping Corporation, Ltd. ("Nani") for the collection of overdraft amounts that Nani allegedly owes FleetBoston.

*Background*

The facts of this case are set forth in a prior order of this Court, see Sea Trade Co. v. FleetBoston Fin. Corp., No.

03 Civ. 10254(JFK), 2004 WL 2029399, at *1-3 (S.D.N.Y. Sept. 9, 2004), and the Court presumes familiarity with them.

To summarize briefly, Plaintiffs Nani and Adrogue Chico, S.A. ("Adrogue Chico") allege that in March 1997 Nani entered into an oral agreement with BankBoston Corporation, FleetBoston's predecessor in interest, permitting Nani to overdraw its bank account by up to $1,500,000 USD without collateral or security.  In February 1998, BankBoston froze Nani's credit.  Nani and Adrogue Chico contend that BankBoston's refusal to reinstate overdraft privileges on Nani's account resulted in a loss to the plaintiffs of approximately $7.2 million in anticipated real estate profits.

On December 29, 2003, plaintiffs Nani and Adrogue Chico filed suit against FleetBoston for breach of contract.[1]  FleetBoston timely filed an answer on October 1, 2004.  Discovery is due to close on October 1, 2006.[2]

FleetBoston now alleges that, at the time it suspended Nani's overdraft privileges, Nani had already borrowed over

---

[1] Another claim was asserted against FleetBoston by plaintiffs Sea Trade Company, Ltd., Tradewinds Enterprise (Jersey) Ltd., Robinson Fletamentos, S.A., and Agencia Maritima Robinson S.A.C.F.I.  On September 9, 2004, the Court dismissed that claim.  Nani and Adrogue Chico are the sole plaintiffs remaining in this action.

[2] Fact discovery was due to close on July 1, 2006. Depositions of expert witness, if any, were to be taken by October 1, 2006.

2

$779,000 from FleetBoston.  FleetBoston contends that this amount remains unpaid.  In its complaint, Nani conceded that it had incurred a "substantial overdraft" at the time FleetBoston froze its credit. Compl. ¶51.  On March 27, 2006, Nani's and Adrogue Chico's principal, Ricardo Cazou, admitted in a deposition that the overdraft remains unpaid.

FleetBoston now moves to amend its answer to include a counterclaim against Nani for breach of contract to recover the unpaid funds owed by Nani.  Plaintiff Nani opposes FleetBoston's motion to amend on the grounds of (1) undue delay and bad faith, (2) undue prejudice, and (3) futility, due to the fact the the counterclaim is time-barred.

*Analysis*

Federal Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[3]  Although the Court may in its discretion deny leave to amend, such denial must be based on a valid ground, such

---

[3] Pursuant to Federal Rule 13(f), a district court may grant a party leave to assert a counterclaim by amendment when that party fails to do so in its original pleading "through oversight, inadvertence, or excusable neglect, or when justice requires . . ." Fed. R. Civ. P. 13(f).  Where, as here, the omitted counterclaim must be added by amendment, Rule 13(f) must be read together with Federal Rule 15(a).  See Banco Para el Comercio v. First Nat'l. City Bank, 744 F.2d 237, 243 (2d Cir. 1984).

3

as undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment. <u>Mackensworth v. S.S. American Merchant</u>, 28 F.3d 246, 251 (2d Cir. 1994).  As a rule, absent bad faith or prejudice, parties are liberally allowed to amend their pleadings. <u>Commander Oil Corp. V. Barolo Equip Corp.</u>, 215 F.3d 321, 333 (2d Cir. 2000).

  Nani argues that FleetBoston unduly delayed in asserting its counterclaim and that the delay resulted from bad faith.  Mere delay, unaccompanied by an additional basis for denial, does not warrant denying a request for leave to amend. <u>Commerce Funding Corp. v. Comprehensive Habilitation Servs.</u>, 233 F.R.D. 355, 361 (S.D.N.Y. 2005).  Although FleetBoston waited eighteen months to assert its counterclaim, Nani is unable to point to actual bad faith on FleetBoston's part.  Nani merely asserts that FleetBoston had the necessary information it needed to assert a counterclaim by October 1, 2004, at the time it filed its original answer. Therefore, Nani concludes, FleetBoston's "failure to assert the proposed counterclaim at that time was. . . the product of a conscious choice" (FleetBoston's Mem. of Law at 9.)  As FleetBoston plausibly argues, however, the bank did not conclusively establish that Nani owed an outstanding balance until Nani's principal, Cazou, admitted the fact in a March 28, 2006 deposition. (<u>See</u> FleetBoston's Notice of Mot., Ex. A, 230.) Once it verified the basis for its counterclaim, FleetBoston

4

sought leave to amend.  Although FleetBoston was somewhat dilatory in not verifying the debt and pursuing its claim sooner, the mere fact of delay does not necessarily imply bad faith. Nani's claim of bad faith is particularly unavailing in light of Nani's own delay in bringing suit:  FleetBoston froze plaintiffs' credit privileges in February 1998, but Nani did not bring suit until December 2003, nearly six years later.

Nani also contends that it will suffer undue prejudice as a result of the proposed counterclaim.  Undue prejudice results where, among other things, the new claim would force plaintiff to expend additional resources in conducting discovery and preparing for trial or delay the underlying dispute's resolution. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

FleetBoston's counterclaim will not result in undue prejudice to Nani.  The counterclaim arises from the same transaction that gave rise to Nani's complaint:  namely, Nani's incurrence of an overdraft line of credit from FleetBoston.  In its complaint, Nani admits the existence of a "substantial overdraft" on the line of credit extended by FleetBoston. Compl. ¶ 51.  Thus, the assertion of FleetBoston's counterclaim will not surprise Nani and is unlikely to result in Nani's spending significant resources to conduct additional discovery or prepare

5

for trial. Nor is the counterclaim likely to delay the underlying dispute.

Nani also argues that FleetBoston's counterclaim is futile because it is barred by New York's statute of limitations. The applicable state statute of limitations for a claim brought in a diversity action governs the timeliness of a state law counterclaim. See Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989). Thus, New York's six-year statute of limitations for a breach of contract claim applies to FleetBoston's proposed counterclaim. See N.Y. C.P.L.R. § 213.

Under Federal Rule 15(c)(2), an amended claim relates back to the original claim when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[4] Fed. R. Civ. P. 15(c)(2). Here, as noted above, FleetBoston's proposed counterclaim arose out of the same

---

[4] The applicable New York rule, N.Y. C.P.L.R. § 203(f), is "similar in language and application to the federal rule." Kitrosser v. CIT Group/Factoring, 177 B.R. 458, 474 (S.D.N.Y. 1995). "Although there are minor differences in the language between Rule 15(c)(2) and Section 203(f), courts have not focused on any distinction and have typically cited both rules and applied the federal rule." Id. The result in this case is the same under Federal Rule 15(c) as it is under N.Y. C.P.L.R. 203(d).

6

transaction (Nani's incurrence of overdraft credit) that gives rise to Nani's complaint.  Thus, Rule 15(c) applies, and FleetBoston's counterclaim "relates back" to October 1, 2004, the date of its original answer.

Nani argues, however, that because the cause of action is deemed to have accrued no later than June 1998 (See Pl. Mem. of Law, at 8), the counterclaim would be untimely even after it is "related back" to October 1, 2004, because that date falls more than six years after than the accrual of Nani's claim.

New York's tolling rules, however, save the counterclaim from being time-barred.  As with statutes of limitations, "[s]tate law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases."  Personis, 889 F.2d at 426.  Under N.Y. C.P.L.R. § 203(d), a claim is "not barred if it was not barred at the time the claims asserted in the complaint were interposed."  FleetBoston's proposed counterclaim would not have been barred on December 29, 2003, when Nani commenced this action, because that date was within six years of the accrual of the action.  Thus, because FleetBoston's counterclaim was timely when the action commenced, the counterclaim is not barred now.

Nani argues that the saving provision of 203(d) does not apply to counterclaims asserted in an amended answer, citing American Stock Exchange, L.L.C. v. Mopex, Inc., 230 F. Supp. 2d

7

333, 335 (S.D.N.Y. 2002) as authority. However, as FleetBoston points out, the limited holding in Mopex is inapposite here. Mopex involved the assertion of a counterclaim that was barred by the statute of limitations when the original action commenced. The movant in Mopex unsuccessfully invoked the final clause of N.Y. C.P.L.R. 203(d), which codifies the doctrine of equitable recoupment, and which provides that a counterclaim arising "from the same transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends . . . is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed." N.Y. C.P.L.R. 203(d) (emphasis added). The Court in Mopex refused to allow the defendant to amend his answer to assert a counterclaim for equitable recoupment where the claim was time-barred when the action commenced. But, as the Southern District also noted, in contrast to counterclaims that were untimely when the action commenced, "Section 203(d) permits a defendant to assert all claims it had against the plaintiff that were still timely when plaintiff commenced the action." Mopex, 230 F. Supp. at 336. Thus, the holding in Mopex applies only to motions to amend answers to assert counterclaims that were time-barred when the original action commenced.

In conclusion, the Court finds that FleetBoston's proposed counterclaim is not the product of bad faith or undue delay, will not unduly prejudice Nani, and is not time-barred. Accordingly, FleetBoston's motion to seek leave to amend its answer to assert a counterclaim is GRANTED.

**SO ORDERED.**

Dated:  New York, New York
        September 26, 2006

*/s/ John F. Keenan*

**JOHN F. KEENAN**
**United States District Judge**