```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SEA TRADE COMPANY LTD., TRADEWINDS  :
ENTERPRISE (JERSEY) LTD., ROBINSON  :
FLETAMENTOS, S.A., AGENCIA          :
MARITIMA ROBINSON, S.A.C.F.I.,      :
NANI SHIPPING CORP., LTD., and      :    03 Civ. 10254 (JFK)
ADROGUE CHICO, S.A.,                :    OPINION AND ORDER
                                    :
                Plaintiffs,         :
                                    :
     -against-                      :
                                    :
FLEETBOSTON FINANCIAL CORP.,        :
                                    :
                Defendant.          :
-----------------------------------X
```

APPEARANCES:

    For Plaintiffs:
        Edward Griffith, Esq.
        Silvia Bolatti, Esq.
        BOLATTI & GRIFFITH
        45 Broadway
        New York, New York  10006

    For Defendant:
        Mitchell A. Lowenthal, Esq.
        Lisa Coyle, Esq.
        CLEARY GOTTLIEB STEEN & HAMILTON LLP
        One Liberty Plaza
        New York, New York  10006

**JOHN F. KEENAN, United States District Judge:**

Plaintiffs Nani Shipping Corp., Ltd. ("Nani") and Adrogue Chico, S.A. ("Adrogue Chico") (collectively "Plaintiffs") sued Defendant FleetBoston Financial Corp. ("the Bank") for breach of an oral contract. By prior decision dated September 4, 2008, the Court granted summary judgment on Plaintiffs' breach of

1

contract claim. See Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., No. 03 Civ. 10254, 2008 WL 4129620 (S.D.N.Y. Sept. 4, 2008). Plaintiffs now move for reconsideration of the September 4, 2008 Order pursuant to Fed. R. Civ. P. 54(b) and 60(b). For the reasons that follow, the Plaintiffs' motion for reconsideration is denied.

## BACKGROUND

The Court will briefly discuss the facts most relevant to the present motion.[1] In 1991, a rogue loan officer at the predecessor of Defendant Bank allegedly entered into an oral agreement with the principals of Nani whereby the Bank agreed to extend up to $1.5 million in overdraft privileges to Nani to finance the development of Adrogue Chico, a gated residential community outside of Buenos Aires. After the rogue employee absconded with over $60 million, the Bank froze Nani's account. At the time the account was frozen, Nani had borrowed approximately $780,000 which has not been repaid. The Bank's freezing of overdraft privileges prevented Adrogue Chico from completing certain projects necessary to obtain approval for building the gated community. As a result, the Adrogue Chico development was never built, and in November 2001, Adrogue Chico filed for bankruptcy protection in Argentina. In December 2003,

---

[1] A detailed description of the facts can be found in the summary judgment decision. See Sea Trade, 2008 WL 4129620, at *1-3.

2

Plaintiffs filed the present lawsuit, asserting a claim against the Bank for breach of the oral contract.

In a September 4, 2008 Opinion and Order, the Court granted the Bank's motion for summary judgment on Plaintiffs' breach of contract claim, but denied its motion for summary judgment in favor of Defendant's counterclaim.  The Court's ruling primarily rested on principles of international comity and judicial estoppel.  Under Section 11.3 of the Argentine Bankruptcy Law ("ABL"), a debtor must

> file a detailed statement of assets and liabilities, including the valuation thereof adjusted as the date of filing, together with an accurate description of the composition of such assets and liabilities, the standards used for valuation, the location and condition of the debtor's property and any liens existing thereon, and all other information that may be required to properly identify the debtor's estate.

The Court found that Adrogue Chico's failure to list the accrued but unfiled breach of contract cause of action against the Bank as a contingent asset pursuant to Section 11.3 barred Adrogue Chico from later asserting the claim against the Bank in the United States.

After entry of summary judgment, Plaintiffs retained new counsel and filed a motion pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (6) for relief from the Court's September 4, 2008 Opinion and Order granting the Bank's motion for summary judgment on Plaintiffs' breach of contract claim.  Plaintiffs

3

challenge what they say are two factual determinations made by the Court, namely that: (1) Adrogue Chico concealed its claim against the Bank from its creditors in the Argentine bankruptcy proceeding; and (2) Adrogue Chico's failure to disclose its accrued but unfiled action against the Bank was not a good faith mistake or unintentional error.  Plaintiffs seek to introduce "newly discovered" evidence that Adrogue Chico did not conceal information – namely, affidavits from creditors attesting that they were orally informed of the contingent claim against the Bank prior to their voting to confirm the company's plan of reorganization.  Plaintiffs argue that the failure to disclose the contingent claim against the Bank in Adrogue Chico's bankruptcy proceeding was merely a technical error that did not prejudice its creditors.  Although they acknowledge that Adrogue Chico has always known about these oral disclosures, Plaintiffs state that they believed the legal issue in the case to be whether any disclosures were required under the ABL, not whether Adrogue Chico concealed assets from its creditors; consequently, Plaintiffs did not believe that evidence of Adrogue Chico's oral disclosures was relevant and did not introduce it prior to the summary judgment motion.  Plaintiffs also suggest that the Bank's moving papers did not clearly raise the issue of concealment, and as such, Plaintiffs were not afforded a chance to be heard on the arguments they now raise.  Furthermore,

4

Plaintiffs submitted the declaration of their Argentine bankruptcy counsel in which he states that he continues to believe that disclosure of unfiled claims is not required under the ABL.  Finally, Plaintiffs argue in a footnote that reconsideration is warranted because the Court incorrectly interpreted ABL Section 11.5.  Plaintiffs offer a new certified translation of Section 11.5 in support of their argument that it requires disclosure of all pending actions, regardless of whether the debtor is a plaintiff or defendant; therefore, under the doctrine of inclusio unius est exclusio alterius, Plaintiffs believe the Argentine legislature must have intentionally omitted a requirement that debtors disclose accrued but unfiled claims.

## ANALYSIS

### I. Rule 54(b)

Plaintiffs initially moved for reconsideration under Rule 60(b).  By its terms, Rule 60(b) only affords relief from final judgments.  Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."); see Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996).  "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is . . . whether the judgment is sufficiently 'final' to be appealed."  Alvarez v. Am. Airlines,

5

Inc., No. 98 Civ. 1027, 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8, 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 60.23 (3d ed. 1999)).

The parties agree that although the September 4, 2008 Order resolved Plaintiffs' breach of contract claim, Defendant's counterclaim is still outstanding, and as such the summary judgment order cannot be considered final. Therefore, Plaintiffs cannot presently avail themselves of Rule 60(b). See id. (denying Rule 60(b) motion where summary judgment had been denied on some claims and "no judgment can be executed until the parties reach a settlement or a trial is completed"); see also Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 128 (2d Cir. 2000) (dismissing appeal for lack of jurisdiction because "[a] judgment that disposes only of the complaint, while leaving a counterclaim pending, is not a final judgment").

Instead, Plaintiffs belatedly[2] suggest that the Court apply Fed. R. Civ. P. 54(b) and either: (1) direct entry of a final judgment as to the breach of contract claim so that Rule 60(b) may then apply; or (2) reconsider the September 4, 2008 decision as an interlocutory order.

---

[2] Plaintiffs requested relief under Rule 54(b) for the first time in their Reply Memorandum of Law in Support of Plaintiffs' Rule 60(b) Motion for Relief From September 4, 2008 Order.

6

## A.   **Entry of Final Judgment**

Under Rule 54(b), the Court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) the court expressly determines that there is no just reason for delay.  Fed. R. Civ. P. 54(b); see Transp. Workers Union of Am., Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007).  However, "[t]he power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  Citizens Accord, 235 F.3d at 129 (internal quotations and citations omitted).

Although the summary judgment motion fully adjudicated Plaintiffs' breach of contract claim, the Court finds no reason why delaying entry of a final judgment until the Bank's counterclaim has been resolved would work a hardship or injustice on the Plaintiffs.  As an initial matter, Adrogue Chico's plan of reorganization includes a nine year grace period before any creditors will receive payment; that grace period continues in full effect for several more years.  It is also important to note that Plaintiffs seek entry of a final judgment not so that they can file a quick appeal, but as a back door method of having the summary judgment decision vacated by the district court.  This case has been pending for six years, and

7

it is clear that the Plaintiffs are not overly concerned with time.  Plaintiffs have not proposed any reason the Court should short-circuit the normal progression of this case, and thus the Court declines to convert the September 4, 2008 Order to a final judgment.

### B. Motion for Reconsideration

Thus, the September 4, 2008 Order is interlocutory.  In the Southern District, a motion for reconsideration of an interlocutory order must comply with Local Civil Rule 6.3.  In pertinent part, the version of Local Rule 6.3 in effect at the time the summary judgment order was filed provided that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion."[3]  S.D.N.Y. Local Civ. R. 6.3.  Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration.  See Farez-Espinoza v. Napolitano, No. 08 Civ. 11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009); Am. Hotel Int'l Group Inc. v. OneBeacon Ins. Co., No. 01 Civ. 0654, 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005).  Plaintiffs filed the instant

---

[3] Recent amendments to the Local Rules extend the time to serve notice of a motion for reconsideration to fourteen days.  That change is immaterial to this analysis as Plaintiffs waited more than six months to request reconsideration.

8

motion more than six months after the Court entered its September 4, 2008 Order.  Although the Court, in the interest of justice, may entertain a motion for reconsideration that does not comply with Local Rule 6.3's time requirements, see Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *4 (S.D.N.Y. Aug. 27, 1997), Plaintiffs' excuses for the late filing are not compelling.  Plaintiffs argue that extra time was required to translate and communicate the September 4, 2008 Order to parties who reside in Argentina and do not speak English fluently.  However, Plaintiffs chose to bring suit in the United States, and the necessity for translation has been apparent from the beginning of the case.  Moreover, in January 2009, soon after retaining new counsel, Plaintiffs informed the Court of the possibility of bringing a motion for reconsideration and could have requested an extension to file the motion at that time.  Cases in which courts have overlooked Local Rule 6.3's time requirements present circumstances much more persuasive than Plaintiffs' barely plausible need for six months to translate one document.  Cf. Clinton v. Brown & Williamson Holdings, Inc., No. 05 Civ. 9907, 2009 WL 2877617, at *2 (S.D.N.Y. Sept. 8, 2009) ("Justice requires the exercise of this discretion [to accept a late filed motion for reconsideration] when, for example, there is an

intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision.").

Even if the Court were to bypass Rule 6.3's time limit, the Rule 54(b) motion for reconsideration would be denied. The district court's power to reconsider a previous decision is limited by the law of the case doctrine. That is to say, a district court's interlocutory order "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quotation omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (finding that a motion for reconsideration is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

Plaintiffs cannot cite an intermediate change in the law, and, as Plaintiffs have known about their alleged disclosures since 2001, the evidence that Adrogue Chico orally informed its creditors of the unfiled claim against the Bank obviously is not new. The Court respectfully submits that there is no clear error in its previous analysis. Furthermore, forcing Plaintiffs

10

to conform their arguments to the factual record they themselves created is not manifestly unjust as Plaintiffs still have appellate rights and time is not of the essence.  It is clear that Plaintiffs are attempting to improperly use this untimely motion for reconsideration as a vehicle for introducing new facts not previously before the Court.  The Court will not entertain such a motion.  See In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig., No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue."); E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) ("Under Local Rule 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991))).

## II. Rule 60(b)

Even if the September 4, 2008 Order were certified as a final judgment susceptible to Rule 60(b), no relief would be available to Plaintiffs.  Under Rule 60(b):

> On motion and just terms, the court may
> relieve a party or its legal representative
> from a final judgment, order, or proceeding
> for the following reasons:

```
            (1)  mistake, inadvertence, surprise, or
            excusable neglect;
            (2)  newly discovered evidence that, with
            reasonable diligence, could not have been
            discovered in time to move for a new trial
            under Rule 59(b);
            . . . or
            (6)  any other reason that justifies relief.
```

Fed. R. Civ. P. 60(b).  Rule 60(b) provides "'a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances,' and relief under the rule is discretionary."  <u>Motorola Credit Corp. v. Uzan</u>, 561 F.3d 123, 126 (2d Cir. 2009) (quoting <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008)).

### A.   <u>Rule 60(b)(1)</u>

Rule 60(b)(1) allows the Court to revisit a final judgment on the basis of mistake, inadvertence, or excusable neglect. Plaintiffs argue that the Court's application of international comity and judicial estoppel were based on the mistaken finding that Adrogue Chico concealed its claim against the Bank from its creditors.  Plaintiffs now maintain that Adrogue Chico orally informed its creditors of the claim against the Bank prior to the creditor vote on its plan of reorganization.[4]  However, due

---

[4] Plaintiffs have submitted affidavits from five of Adrogue Chico's eight creditors, including David Ten Cate, the general manager of Orient Shipping Rotterdam, B.V., Daniel Dessal, Recardo Vazquez, Maria Sarzotti, and Guillermo Victoria Botta, the attorney for creditor Hernan J.A. Cotti.  All five maintain that Adrogue Chico representatives informed them that the nine year grace period in the plan of reorganization was necessary to

12

to their misunderstanding of the issue at bar, Plaintiffs did not know to offer this now-crucial evidence prior to the summary judgment decision.

The idea that sophisticated business people represented by counsel "misunderstood" the issue at hand is somewhat disingenuous. The Bank points to a footnote in its summary judgment motion that frames the issue of whether Adrogue Chico's position in its Argentine bankruptcy proceeding is inconsistent with the case at bar such that Plaintiffs should be judicially estopped from proceeding in the United States. (Def. S.J. Br. at 20 n.16). The Bank's reply brief further highlights its contention that Adrogue Chico "never informed" or "concealed from" its creditors information about the multi-million dollar claim against the Bank. (Def. S.J. Reply Br. at 3-4, 5). Even at that late stage, Plaintiffs could have come forward with the evidence (which they have always known) that Adrogue Chico orally disclosed the asset to its creditors. This is especially true in light of the fact that the Court requested supplemental briefing prior to issuing its summary judgment decision. Plaintiffs' failure to bring this evidence to light despite

---

pursue its claim against the Bank to obtain financing for its real estate projects. Of the five creditors who acknowledge receiving oral disclosure of the unfiled claim against the Bank, only four voted in favor of Adrogue Chico's plan of reorganization. Hernan J.A. Cotti, acting through his attorney, abstained from the vote.

multiple opportunities to do so may be more aptly described as strategy or negligence, but certainly not inadvertence. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004) ("[W]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect.'"); Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief."); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts.").

 Moreover, even if the Plaintiffs reasonably understood the issue to be whether the ABL requires disclosure of accrued but unfiled causes of action, this issue would just as likely call to mind the relevance of Adrogue Chico's oral disclosures. That is, evidence that Adrogue Chico orally disclosed its claim against the Bank to its creditors would render moot the question of whether those disclosures were in fact necessary, shifting the debate to the sufficiency of those disclosures. Given the universal significance of the evidence now proffered, this Court cannot find that Plaintiffs accidentally omitted putting it in

14

the factual record before the Court on summary judgment. Plaintiffs' "mistake" does not justify Rule 60(b) relief. Furthermore, any erroneous conclusion of law or fact the Court may have made on this point was based on the record Plaintiffs themselves developed.  The Court will not revisit its September 4, 2008 Order based on at best negligent and at worst willful factual omissions by Plaintiffs.

To the extent this failure to introduce evidence is also imputed to Plaintiffs' counsel in the Argentine bankruptcy proceeding and/or in the current case, the argument similarly fails.  Generally, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993). Therefore, neither an attorney's tactical decisions nor his or her misunderstanding of the law justifies Rule 60(b) relief. See Delacruz v. Stern, No. 98-6054, 1998 WL 852577, at *1 (2d Cir. Dec. 8, 1998) ("The fact that counsel had a mistaken view of the law, however, does not entitle appellants to relief under Rule 60(b)(1)."); Nemaizer, 793 F.2d at 62 ("[W]e have consistently declined to relieve a client under subsection [60(b)](1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.") (internal

quotations and citations omitted).  Likewise, any reliance on Argentine bankruptcy counsel's "sincere" but nonetheless erroneous belief that disclosure of unfiled claims is not required under the ABL is insufficient to cause this Court to re-examine its September 4, 2008 Order.

Plaintiffs point to two additional legal "mistakes" it claims the Court should correct.  First, Plaintiffs offer the declaration of Dr. Julio Cesar Rivera, an Argentine bankruptcy expert, who believes that Adrogue Chico's current prosecution of its claim against the Bank is not inconsistent with the ABL; therefore, Plaintiffs argue that the Court erroneously applied the principle of judicial estoppel.  Again, there is no reason Plaintiffs could not have offered Dr. Rivera's opinion prior to the Court's summary judgment ruling.  More important, however, is the fact that nowhere in his declaration does Dr. Rivera state that the ABL does not require disclosure of accrued but unfiled causes of action.  Indeed, Plaintiffs' counsel at oral argument conceded that Dr. Rivera's affidavit presumes that the ABL requires disclosure of unfiled claims.  Instead, Dr. Rivera explains that the ABL provides for nullification of reorganization plans where the debtor fraudulently conceals assets from creditors.  Relying on Plaintiffs' assertion that Adrogue Chico orally disclosed the claim against the Bank to creditors, and, as he believes there is no evidence of

16

fraudulent intent, Dr. Rivera opines that Adrogue Chico complied with the ABL. As the plan is sufficient under the ABL, he believes it cannot be inconsistent for Adrogue Chico to pursue its claim against the Bank in the U.S. This opinion is not exactly on point. The Court is not concerned with whether Adrogue Chico's plan of reorganization could be nullified under some other part of the ABL, but instead with whether Section 11.3 or 11.5 of the ABL requires disclosure of accrued but unfiled causes of action. As Dr. Rivera does not address that issue, his declaration identifies no legal error made by the Court that would prompt re-examination under Rule 60(b)(1).

    Finally, Plaintiffs submit the declaration of their own attorney who claims that the Court mistakenly interpreted Section 11.5 of the ABL because, in her view, a new translation of the disputed portion of the ABL properly conveys its meaning. At the summary judgment stage, Plaintiffs and the Bank submitted identical certified translations of Section 11.5. All parties agreed that Section 11.5 provides that "[t]he debtor shall also file a detailed description of all judicial or administrative proceedings which involve claims against its assets and which are then pending or in which a judgment against the debtor has not yet been satisfied." (Pl. Submission of Supp. Exs. in Opp. to Motion for S.J., Ex. B; Coyle Decl., Ex. CC). Plaintiffs' new counsel now claims that Section 11.5 should read: "The

17

detail of any judicial or administrative proceeding monetary in nature that is in process or with an unexecuted award or judgment, specifying the location where it is pending." (Bolatti Decl. ¶8; Ex. 12).  Under this new translation, Section 11.5 would be broad enough to encompass any pending lawsuits regardless of whether the debtor is a plaintiff or defendant. This translation is submitted to give teeth to Plaintiffs' previously considered and rejected <u>inclusio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius</u> claim.  However, on summary judgment Plaintiffs submitted uncertified translations espousing the same translation now proposed, and the Court rejected them, finding that the certified translation "makes more sense."  <u>Sea Trade</u>, 2008 WL 4129620, at *15.  Therefore, even if the Court were to ignore the fact that Plaintiffs previously agreed with the Bank's translation of Section 11.5 and entertain this "new" evidence, it would again reject Plaintiffs' less logical interpretation of the ABL.  The Court properly interpreted ABL Section 11.5 to be irrelevant according to the certified translation Plaintiffs themselves provided.  As such, there is no error justifying Rule 60(b)(1) relief.

### B.   <u>Rule 60(b)(2)</u>

Rule 60(b)(2) allows the court to vacate a final judgment on the basis of newly discovered evidence that, with reasonable diligence, could not have been previously discovered.  Fed. R.

18

Civ. P. 60(b)(2).  A party seeking relief under Rule 60(b)(2) must demonstrate that "(1) newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative . . . of evidence already offered."  Tufts v. Corp. of Lloyd's, 981 F. Supp. 808, 812 (S.D.N.Y. 1996) (citation omitted), aff'd, 128 F.3d 793 (2d Cir. 1997) (per curiam).

Plaintiffs concede that the evidence that Adrogue Chico orally disclosed its unfiled claim against the Bank to its creditors plainly is not "newly discovered."  Plaintiffs have been fully aware of this fact since Adrogue Chico filed for bankruptcy in 2001.  "Evidence which was in the possession of a party prior to judgment does not constitute 'newly discovered evidence'" for the purposes of Rule 60(b)(2).  Collins Dev. Corp. v. Marsh & McLennan, Inc., No. 90 Civ. 4675, 1991 WL 135605, at *3 (S.D.N.Y. July 18, 1991); see also Friedline v. N.Y. City Dep't of Educ., No. 06 Civ. 1836, 2009 WL 37828, at *4 (S.D.N.Y. Jan. 5, 2009).  Plaintiffs are not entitled to relief under this subpart.

### C.   Rule 60(b)(6)

Finally, Plaintiffs resort to Rule 60(b)(6), a catch-all provision allowing the court to reopen judgments for any other reason justifying relief. This section "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer, 793 F.2d at 63 (citations omitted). As Plaintiffs raised arguments properly falling under Rule 60(b)(1) and 60(b)(2), and as Plaintiffs have not demonstrated any exceptional circumstances warranting extraordinary relief, they cannot avail themselves of Rule 60(b)(6).

### CONCLUSION

Plaintiffs cannot have a second bite at the apple. The motion for reconsideration under Rules 54(b) and 60(b) is denied. The parties are directed to appear for a status conference to discuss a trial date for Defendant's counterclaim on December 22, 2009 at 10:15 a.m.

**SO ORDERED.**

**Dated:**   New York, New York
             December 9, 2009

*/s/ John F. Keenan*
John F. Keenan
United States District Judge